UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH SCHULTZ,<br>　　Plaintiff,<br>　　v.<br>J. LEWIS, et al.,<br>　　Defendants. | Case No. 15-cv-03364-JST (PR)<br><br>**SECOND ORDER OF SERVICE** |

On October 8, 2015, plaintiff, an inmate at San Quentin State Prison ("SQSP") filed a pro se civil rights action under 42 U.S.C. § 1983 alleging that he has been denied necessary medical treatment for pain in his back, shoulder, and right knee. On January 12, 2016, the Court screened plaintiff's complaint and found that, liberally construed, it stated cognizable Eighth Amendment claims under Section 1983 for deliberate indifference to serious medical needs. The Court ordered service on three defendants at SQSP.

On January 22, 2016, plaintiff filed a motion for leave to amend the complaint to name an additional defendant. On January 28, 2016, the Court denied the motion on the ground that plaintiff failed to attach a proposed amended complaint as required by Civil Local Rule 10-1. The denial was without prejudice to filing another motion submitted with a proposed amended complaint. Plaintiff then filed a renewed motion for leave to amend the complaint along with a proposed first amended complaint. On February 10, 2016, the Court granted plaintiff leave to amend but noted that the proposed first amended complaint did not include the 84-pages of exhibits that were attached to the original complaint. Plaintiff was afforded an opportunity to re-file his first amended complaint with exhibits. On March 9, 2016, Plaintiff re-filed his first amended complaint with exhibits ("FAC"). Dkt. No. 26. The FAC is now before the Court for

review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further

significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

According to the FAC and exhibits attached thereto, plaintiff suffers from pain in his lower back, right knee, and right shoulder. He has been diagnosed with minimal degenerative disk disease in his back, abnornmal medial meniscus in his right knee, and right shoulder bursitis. In 2007, he was referred to a pain management program by an orthopedic specialist. Over the next several years, he received steroid injections and received various pain medications including morphine and ibuprofen. Beginning in 2014 and continuing into 2015, plaintiff's primary care provider, defendant Dr. Leighton, tapered plaintiff off his injections and pain medications. Defendant J. Lewis, Deputy Director of California Correctional Healthcare Services, defendant Dr. E. Tootell, SQSP Chief Medical Officer, and defendant Dr. Lisa Pratt, then-SQSP Chief Physician and Surgeon[1], proceeded to deny plaintiff's inmate healthcare appeals requesting to have his pain medication restored, to be removed from Dr. Leighton's care, and to receive a consultation with a private doctor. Plaintiff alleges that the decision was the result of statewide

---

[1] Plaintiff reports that Dr. Pratt is now employed at San Francisco County Jail. See Dkt. No. 20.

cost reductions in inmate medications, which mainly included opioids and narcotic medications. These claims, liberally construed, state a claim of deliberate indifference against Dr. Leighton, Dr. Tootell, J. Lewis, and Dr. Pratt.

The potential liability of defendants Dr. Tootell, J. Lewis, and Dr. Pratt who allegedly reviewed and rejected plaintiff's inmate appeals is under the Eighth Amendment, and is not under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). It is alleged here, however, that by denying or improperly handling such appeals, defendants Dr. Tootell, J. Lewis, and Dr. Pratt denied medical care that plaintiff alleges was sorely needed. Thus, it is for the denial of medical care that these defendants may be held liable, not simply for denying administrative appeals.

In addition to the defendants discussed above, plaintiff names as a defendant SQSP Warden Ronald Davis. A supervisor may be liable under 42 U.S.C. § 1983 upon either a showing of the supervisor's personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Consequently, a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under no circumstances is there respondeat superior liability under 42 U.S.C. § 1983, i.e., under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. Id.

Here, none of the allegations in the second amended complaint link Davis to any of plaintiff's claims. In particular, there is no indication that Davis either knew of or personally participated in the denial of health care to plaintiff. Accordingly, plaintiff's claim of respondeat superior liability against Davis are dismissed. If plaintiff can allege facts to establish supervisorial liability against Davis, he may move to amend his pleadings.

4

Plaintiff also claims that unknown Eastblock correctional officers at SQSP utilized electronic surveillance devices that caused vibrating of his bunk and cell as a means of harassing plaintiff. This claim is DISMISSED without prejudice because it is unrelated by fact or law to the first claim. Plaintiff is advised that a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350-51 (9th Cir. 1997). If plaintiff wishes to pursue relief for his claim regarding surveillance devices, he must file a separate civil rights action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The FAC states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs as against Dr. Leighton, Dr. Tootell, J. Lewis, and Dr. Pratt.

2. Defendants Dr. Leighton, Dr. Tootell, and J. Lewis have already been ordered served. Accordingly, the Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the FAC in this matter, and a copy of this order on Doctor Lisa Pratt at San Francisco Jail Health Services, 650 5th Street, #309, San Francisco, CA 94107. The Clerk also shall serve a copy of this order on plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th

Cir. 1998), must be served concurrently with motion for summary judgment).[2]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

      b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered

---

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  Woods, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: April 28, 2016

_____
JON S. TIGAR
United States District Judge